ORDERED.

Dated: May 29, 2019

_____
Karen S. Jennemann
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:                                                                                  Case No.: 6:18-01216
                                                                                        Chapter 7
Angel L Davila
Rosybelle Velazquez-Rivera

Debtors_____/

**ORDER GRANTING MOTION TO SELL REAL PROPERTY
AND PAY SECURED CREDITORS AND TRANSACTIONAL COSTS**
(C-60 Valles de Santa Olaya Bayamon, PR)

THIS CASE came before the court to consider Chapter 7 Trustee, Arvind Mahendru's ("Trustee") *Motion to Sell Real Property and Pay Secured Creditors and Transactional Costs* (the "Motion") (Dkt. No. 23). The Motion was served upon all interested parties with the Local Rule 2002-4 negative notice legend informing the parties of their opportunity to respond within 21 days of the date of service; no party filed an objection within the time permitted; and the Court therefore considers the Application unopposed. Accordingly, it is:

**ORDERED** and **ADJUDGED** as follows:

1. The notice of the Motion is approved as proper and adequate under the circumstances.

2. The Motion is GRANTED.

3. The Trustee is authorized to sell the real property located at:

C-60 Valles de Santa Olaya Bayamon, PR (the "Property").

4. The Trustee is authorized to pay the secured mortgage creditor, Banco Popular, ("Secured Creditor") the amount of their lien as of the date of closing or other amount agreeable to Banco Popular to release their lien.

5. The Trustee is authorized to take any all actions and to execute any and all documents necessary and appropriate to effectuate and consummate the terms of said sale, including, executing a deed conveying the interests of the Debtors in the Real Property to Jessenia Ocasio and/or his assigns or other disinterested, bona fide purchaser (the "Buyer").

6. The Trustee, and any escrow agent upon the Trustee's written instruction, shall be authorized to make such disbursements on or after the closing of the sale as are required by the purchase agreement or order of this Court, including, but not limited to, (a) all delinquent real property taxes and outstanding post-petition real property taxes pro-rated as of the closing with respect to the real property included among the purchased assets; and (b) other anticipated closing costs (estimated below):

| | |
|---|---|
| Total Sales/Brokers Commission: | |
|     2% to BK Global | $1,700.00 |
|     4% to Prmier Properties | $3,400.00 |
| *commission is anticipated to be shared with cooperating agent | |
| Title Charges: | $1,524.00 |
| Transfer Taxes: | $863.00 |
| Other / Debits (*incl. 506(c) surcharge*) | $5,000.00 |
| Satisfaction of Liens: | |
|     (home mortgage) | $71,863.00 |

Without further order of the court, the Trustee is authorized to pay closing costs in amounts different than the estimated amounts described above so long as they are within industry standard and with the consent of the lienholder, Secured Creditor.

7. Except as otherwise provided in the Motion, the Real Property shall be sold, transferred, and delivered to Buyers on an "as is, where is" or "with all faults" basis.

8. The Trustee is authorized to pay the real estate agent's fees in the total amount of $5,100.00 or 6% of the gross sale price from the proposed sale of the property.

9. This Court retains jurisdiction to enforce and implement the terms and provisions of this Order and the purchase agreement, all amendments thereto, any waivers and consents thereunder, and each of the documents executed in connection therewith in all respects, including retaining jurisdiction to (a) compel delivery of the Real Property to the Buyer(s), (b) resolve any disputes arising under or related to the purchase agreement, and (c) resolve any disputes regarding liens, claims, or interests asserted against the Real Property.

10. The purchase agreement and any related documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by both parties without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtors' bankruptcy estate.

11. The 14 day stay period pursuant to Rule 6004(h) is waived and this Order shall be effective and enforceable immediately upon entry.

Arvind Mahendru, Trustee, is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order.